UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DISABILITY ADVOCATES, INC.,

        Plaintiff,

v.

DAVID A. PATERSON, in his official capacity as Governor of the State of New York, RICHARD F. DAINES, in his capacity as Commissioner of the New York State Department of Health, MICHAEL F. HOGAN, in his capacity as Commissioner of the New York State Office of Mental Health, THE NEW YORK STATE DEPARTMENT OF HEALTH, and THE NEW YORK STATE OFFICE OF MENTAL HEALTH

        Defendants.

03 Civ. 3209 (NGG) (MDG)

---

# MEMORANDUM OF LAW IN SUPPORT OF DISABILITY ADVOCATES INC.'S MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL CERTAIN ISSUES RAISED IN DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED

---

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Andrew G. Gordon (AG-9239)
Anne S. Raish (AR-8643)
Sandra Sheldon (SS-4481)
Jonathan R. Bolton (JB-2820)
Gayle Gerson (GG-2398)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

- and –

DISABILITY ADVOCATES, INC.
Cliff Zucker (CZ-2254)
5 Clinton Square, 3rd floor
Albany, NY 12207
(518) 432-7861

BAZELON CENTER FOR MENTAL
HEALTH LAW
Ira A. Burnim*
Jennifer Mathis*
1105 15th Street, N.W., Suite 1212
Washington, DC 20005
(202) 467-5730

NEW YORK LAWYERS FOR THE
PUBLIC INTEREST
John Gresham (JG-5720)
151 West 30th Street, 11th floor
New York, NY 10001-4007
(212) 244-4664

MFY LEGAL SERVICES, INC.
Jeanette Zelhof (JZ-0639)
Kevin M. Cremin (KC-4319)
299 Broadway, 4th floor
New York, NY 10007
(212) 417-3700

URBAN JUSTICE CENTER
Charlyne M. Brumskine Peay (CP-1990)
123 William Street, 16th floor
New York, NY 10038
(646) 602-5667

*Counsel for Plaintiff*

* *admitted pro hac vice*

## **TABLE OF CONTENTS**

        **Page**

Preliminary Statement .................................................................................................... 1

Argument ........................................................................................................................ 4

I.     ISSUES DECIDED BY THE COURT ON SUMMARY JUDGMENT ARE LAW OF THE CASE AND MAY NOT BE RELITIGATED AT TRIAL ................................................................................................................. 4

        A.     DAI's Standing is Law of the Case ............................................. 5

        B.     The Applicability of Title II to DAI's Claims is Law of the Case .............. 5

II.    PURELY LEGAL ISSUES SHOULD BE EXCLUDED FROM TRIAL .............. 7

        A.     The Legal Import of the Rehabilitation Act and Viability of its Implementing Regulation are Purely Legal Issues and, in Any Event, Defendants Waived the Arguments .................................................. 7

        B.     Whether DAI's Constituents Have Been Subject to Disability Discrimination is a Purely Legal Issue That Has Been Decided ................. 8

III.   THE APPLICABILITY OF THE STATUTE OF LIMITATIONS INVOLVES NO DISPUTED FACTS AND SHOULD BE EXCLUDED FROM TRIAL ................................................................................................................. 8

Conclusion ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Cary Oil Co., Inc.* v. *MG Refining & Mktg, Inc.*,
  257 F. Supp. 2d 751 (S.D.N.Y. 2003) ..................................................................4

*Henrietta D.* v. *Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) ...........................................7

*Hunt* v. *Washington State Apple Adver. Commc'ns*,
  432 U.S. 333 (1997)................................................................................5

*Olmstead* v. *L.C*,
  527 U.S. 581 (1999)..............................................................................3, 8

*Pescatore* v. *Pan Am. World Airways, Inc.*,
  97 F.3d 1 (2d Cir. 1996) ..........................................................................4

*Satchell* v. *Dilworth*,
  745 F.2d 781 (2d Cir. 1984) .......................................................................7

*Virgin Atl. Airways* v. *Nat'l Mediation Bd.*,
  956 F.2d 1245 (2d Cir. 1992) .....................................................................4

*Zdanok* v. *Glidden Co.*,
  327 F.2d 944 (2d Cir. 1964) ......................................................................4

## STATUTES

Rehabilitation Act, 29 U.S.C. § 794 .......................................................................7

Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132..........................passim

## OTHER AUTHORITIES

Fed. R. Civ. P. 8(c)(1).....................................................................................8

**Preliminary Statement**

Plaintiff Disability Advocates, Inc. ("DAI") brings this motion *in limine* in response to defendants' attempt to inject issues for trial that have already been conclusively established on summary judgment, that raise purely legal questions, or that otherwise involve no disputed facts.

After extensive briefing by plaintiff and defendants on cross motions for summary judgment, the Court, in a lengthy and thorough opinion, disposed of two threshold legal issues in order to streamline the case for trial. Specifically, the Court held that DAI has standing to bring its claims and that Title II of the Americans with Disabilities Act ("Title II") applies to DAI's claims. Thus, there are only three issues for trial: (1) whether DAI's constituents are receiving services in the "most integrated setting" appropriate to their needs; (2) whether DAI's constituents are qualified to receive services in supported housing; and (3) whether the relief DAI seeks would constitute a fundamental alteration of the State's programs and services. (Memorandum & Order ("Order") at 4.)

At a pretrial conference on March 19, 2009, the Court suggested that both parties consider ways to make the trial as "lean as possible," noting that it had expended a great deal of time and effort synthesizing the facts and issues in an opinion that was "long" and "complex," and emphasizing the "need to focus and limit the trial to those issues that require findings of fact by the Court." (Transcript of Conference Before the Honorable Nicholas G. Garaufis, Mar. 19, 2009 ("Tr."), at 4.) DAI's counsel reiterated her understanding that "trial is necessary" only on the issues of "whether [plaintiff's constituents] are in the most integrated setting appropriate to their needs, whether they are qualified for supported housing, and the issues that go to fundamental alteration."

1

(*Id.* at 5.) The Court inquired whether "[t]hat's everything," and plaintiff's counsel responded that it was. (*Id.*) Defense counsel neither objected nor asked to be heard on the subject. (*Id.* at 4-5.) Indeed, conceding the summary disposition of several threshold issues, defense counsel informed the Court that defendants were considering seeking certification of an interlocutory appeal. (*Id.* at 13-14.)

Defendants now submit a summary of claims and defenses for trial that is *eleven* issues long, including two that this Court conclusively rejected on summary judgment. Also included are defenses on which there are no disputed facts or that involve pure questions of law—and therefore present no triable issues. (*See* Joint Pretrial Order dated Apr. 29, 2009 ("JPTO"), at 9.) Defendants' assertion of these issues threatens to turn a potentially efficient and straightforward trial into an unnecessarily long and drawn-out proceeding. DAI thus moves to exclude these issues from trial.

*First,* defendants seek to re-litigate "whether plaintiff has standing, including whether plaintiff's constituents have suffered an injury-in-fact, whether defendants have caused any injury, and whether any injury is redressible." (JPTO at 9, #1.) The Court conclusively decided this question in the affirmative on summary judgment. That decision is the law of the case, and cannot be revisited at trial.

*Second,* defendants ignore the portion of the Court's opinion holding that Title II applies to DAI's claims. (JPTO at 9, #2, #3.) This question, too, was answered conclusively on summary judgment. The Court held that "Title II applies to DAI's claims against Defendants." (Order at 37.) While defendants may disagree with this holding, it is the law of the case, and this argument should not be entertained at trial.

2

*Third,* defendants maintain that the parties must now litigate "[w]hether the Rehabilitation Act . . . mandates integration, and whether the regulation promulgated thereunder mandating integration is invalid as inconsistent with the statute and beyond the executive agency's authority." (JPTO at 9, #5.) This presents a purely legal issue of statutory interpretation, and does not require the attention of a finder of fact. Moreover, defendants have waived this defense by failing to raise it in their answer or in a motion to dismiss. This issue may not be litigated at trial.

*Fourth,* defendants contend that a trial is necessary to resolve the question of whether "plaintiff's constituents have been subject to discrimination 'by reason of their disability.'" (JPTO at 9, #4.) Yet this is a purely legal question that *Olmstead* v. *L.C*, 527 U.S. 581 (1999), has answered. In *Olmstead,* the Supreme Court made it clear that the failure to provide services in the most integrated setting appropriate to a person's needs constitutes discrimination on the basis of disability. Thus, as long as DAI establishes at trial that its constituents are not receiving services in the most integrated settings appropriate to their needs (*see* JPTO at 9, #6), DAI will have established discrimination on the basis of disability.

*Finally,* defendants seek to argue that the relief DAI seeks is barred by the "applicable statute of limitations and/or laches, including for any adult home residents whom plaintiff establishes were discharged from State psychiatric centers and who were discharged beyond the statute of limitations or beyond the legal obligation to follow up on the discharge." (JPTO at 9, #11.) No disputed facts exist with respect to this issue, and therefore no trial on the issue is necessary.

3

**Argument**

**I.**

**ISSUES DECIDED BY THE COURT ON SUMMARY JUDGMENT ARE LAW OF THE CASE AND MAY NOT BE RELITIGATED AT TRIAL**

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Pescatore* v. *Pan Am. World Airways, Inc.*, 97 F.3d 1, 7-8 (2d Cir. 1996) (internal quotation marks and citations omitted). While the doctrine is discretionary, and a court retains the power to reconsider its own decisions prior to final judgment, the Second Circuit has "repeatedly stated" that courts should not depart from the law of the case "absent 'cogent' or 'compelling' reasons," *id.* (citation omitted), such as an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). In other words, as the Second Circuit has recognized, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok* v. *Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964). Rulings on a motion for summary judgment provide no exception to the rule. *Cary Oil Co., Inc.* v. *MG Refining & Mktg, Inc.*, 257 F. Supp. 2d 751, 764 (S.D.N.Y. 2003) (granting plaintiffs' motion to exclude from trial evidence and arguments on affirmative defenses of waiver, agreement to rescind, and equitable estoppel, because these defenses were rejected in a previous ruling on summary judgment).

4

### A.   DAI's Standing is Law of the Case

Defendants present as an issue for trial "[w]hether plaintiff has standing, including whether plaintiff's constituents have suffered an injury-in-fact, whether defendants have caused any injury, and whether any injury is redressible." (JPTO at 9, #1.) Defendants argued on summary judgment that DAI lacked standing. The Court considered and rejected each of defendants' arguments, holding that DAI does have standing to pursue its claims.

First, the Court found as a matter of law that "DAI has statutory authority," under the Protection and Advocacy for Individuals with Mental Illness Act, "to represent its constituents in this suit." (Order at 29.) Second, the Court held that DAI meets each of the criteria for associational standing under *Hunt v. Washington State Apple Advertising Communications*, 432 U.S. 333, 343 (1997). (Order at 29-32.) Finally, the Court rejected defendants' contention that DAI lacks standing to obtain system-wide relief, explaining that "[w]hether DAI may ultimately be entitled to the requested injunctive relief is not the same question as whether DAI has standing to seek injunctive relief." (*Id.* at 32.) Because DAI's standing has been conclusively established, defendants should not be permitted to re-litigate this issue at trial.

### B.   The Applicability of Title II to DAI's Claims is Law of the Case

Similarly, defendants inappropriately seek to re-litigate the applicability of Title II to DAI's claims. Specifically, defendants contend that trial is necessary to determine "[w]hether Title II of the [ADA] applies to defendants' actions, where plaintiff's constituents live in a privately-operated, licensed facility, including whether any State program, service or activity at issue is subject to the ADA" (JPTO at 9, #2), as well as to determine "[w]hether defendants' actions have proximately caused any injury

5

to plaintiff's constituents" (JPTO at 9, #3). The latter is simply another way to characterize the former—that is, both questions boil down to whether DAI's claims implicate the way in which the State administers or operates its services and programs. This question has been conclusively answered in the affirmative by this Court on summary judgment.

Defendants argued on summary judgment that DAI's claims do not implicate any "'program or activity' of a public entity" because defendants cannot be held responsible for the actions of private adult homes licensed by the State. (Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Defs' Mem."), at 44-51.) After thorough analysis, however, this Court rejected defendants' attempt to evade responsibility for their own decisions in planning and administering their service system, concluding that "Title II applies to DAI's claims against Defendants." (Order at 37.)

The Court first summarized the overwhelming evidence of the State's "comprehensive statutory and regulatory scheme governing [its] administration of services for people with mental illness, including adult homes." (*Id.*) Next, the Court noted that the ADA requires public entities to "<u>administer</u> its services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities," and concluded that the "State cannot evade its obligation to comply with the ADA by using private entities to deliver some of those services." (*Id.* at 45 (emphasis in original).) As the Court recognized, DAI does not challenge the conduct of adult homes licensed and certified by the State, but rather "challenges the State's choice to plan and administer its mental health services in a manner that results in thousands of

6

individuals with mental illness living and receiving services in allegedly segregated settings." (*Id.* at 45-46.) As the Court found, "[d]efendants, and no other entities, are responsible for determining what services to provide, in what settings to provide them, and how to allocate funds for each program." (*Id.* at 48.) Defendants' attempt to present this issue anew for trial should be rejected.

## II.

## PURELY LEGAL ISSUES SHOULD BE EXCLUDED FROM TRIAL

**A. The Legal Import of the Rehabilitation Act and Viability of its Implementing Regulation are Purely Legal Issues and, in Any Event, Defendants Waived the Arguments**

Defendants contend that the parties must try the issue of "[w]hether the Rehabilitation Act, 29 U.S.C. § 794 ["RA"], mandates integration, and whether the regulation promulgated thereunder mandating integration is invalid as inconsistent with the statute and beyond the executive agency's authority." (JPTO at 9, #5.) This issue is not suitable for trial for several reasons.

First, as a practical matter, because the Court has already determined that the RA claims in this case should be treated "as identical to the ADA claims," a decision that is the law of the case, this issue would not alter the outcome of the trial. (*See* Order at 34 (citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)).) Second, the legal import of the RA and the validity of its implementing regulation are questions of statutory interpretation presenting no issues of disputed fact. As the Court has directed, trial should be limited to "those issues that require findings of fact by the Court." (Tr. at 4.) Finally, defendants never asserted this defense in their responsive pleading. It is well-settled law that "failure to plead an affirmative defense in the answer results in the waiver of that defense and its exclusion from the case." *Satchell v. Dilworth*, 745 F.2d

7

781, 784 (2d Cir. 1984) (internal citations and quotation marks omitted); *accord* Fed. R. Civ. P. 8(c)(1). Accordingly, this issue should be excluded from trial.

### B. Whether DAI's Constituents Have Been Subject to Disability Discrimination is a Purely Legal Issue That Has Been Decided

Defendants also identify as an issue for trial "[w]hether plaintiff's constituents have been subject to discrimination 'by reason of their disability'." (JPTO at 9, #4.) But this issue has also been conclusively established. (Order at 34-37.)

The Supreme Court in *Olmstead* found that "Congress explicitly identified unjustified 'segregation' of persons with disabilities as a "'for[m] of discrimination'" that "perpetuates unwarranted assumptions that persons so isolated are incapable or unworthy of participating in community life." 527 U.S. at 600. The Court thus explicitly held that "[u]njustified isolation . . . is properly regarded as discrimination based on disability." *Id.* Accordingly, DAI need only establish at trial that its constituents have been subjected to unwarranted segregation by proving that they are not receiving services in the most integrated settings appropriate to their needs. The establishment of this fact conclusively establishes, pursuant to *Olmstead*, that DAI's constituents have been the victims of discrimination on the basis of disability.

### III.

### THE APPLICABILITY OF THE STATUTE OF LIMITATIONS INVOLVES NO DISPUTED FACTS AND SHOULD BE EXCLUDED FROM TRIAL

After having made only the most cursory reference to the argument on summary judgment,[1] defendants assert that the parties must litigate whether the relief DAI seeks is barred by the "applicable statute of limitations and/or laches, including for

---

[1] *See* Defs' Mem. at 48.

any adult home residents whom plaintiff establishes were discharged from State psychiatric centers and who were discharged beyond the statute of limitations or beyond the legal obligation to follow up on the discharge." (JPTO at 9, #11.) There is simply no disputed issue of fact with regard to the applicability of the statute of limitations. The extent to which the statute of limitations may or may not bar any particular portion of the relief DAI seeks is a purely legal issue, and it should be excluded as an issue to be tried.[2] If the Court is inclined to consider the issue, we respectfully request the opportunity to submit a post-trial brief.

---

[2] The District Court for the Southern District of New York recently rejected this precise argument, which defendants raised in a case involving very similar issues. *Joseph S.* v. *Hogan*, 561 F. Supp. 2d 280, 312-313 (S.D.N.Y. 2008).

9

## Conclusion

For the foregoing reasons, Disability Advocates, Inc. respectfully requests that the Court exclude from trial any issues that have already been resolved on summary judgment, involve purely legal issues, or present no triable issues of fact.

Dated:   April 29, 2009

Respectfully submitted,

By: _____

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Andrew G. Gordon (AG-9239)
Anne S. Raish (AR-8643)
Sandra Sheldon (SS-4481)
Jonathan R. Bolton (JB-2820)
Gayle Gerson (GG-2398)
  ggerson@paulweiss.com
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

- and -

DISABILITY ADVOCATES, INC.
Cliff Zucker (CZ-2254)
5 Clinton Square, 3rd floor
Albany, NY  12207
(518) 432-7861

BAZELON CENTER FOR MENTAL
HEALTH LAW
Ira A. Burnim*
Jennifer Mathis*
1105 15th Street, N.W., Suite 1212
Washington, DC  20005
(202) 467-5730

10

NEW YORK LAWYERS FOR THE
PUBLIC INTEREST
John Gresham (JG-5720)
151 West 30th Street, 11th floor
New York, NY 10001-4007
(212) 244-4664

MFY LEGAL SERVICES, INC.
Jeanette Zelhof (JZ-0639)
Kevin M. Cremin (KC-4319)
299 Broadway, 4th floor
New York, NY 10007
(212) 417-3700

URBAN JUSTICE CENTER
Charlyne M. Brumskine Peay (CP-1990)
123 William Street, 16th floor
New York, NY 10038
(646) 602-5667

Counsel for Plaintiff

* admitted pro hac vice

11